UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARK ANTHONY BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CV419-302 |
| ANDREW SAUL, COMMISSIONER ) | |
| OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Mark Anthony Buckner seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB). For the following reasons, the Commissioner's determination should be **AFFIRMED** and plaintiff's case **DISMISSED**.

I.   **GOVERNING STANDARDS**

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must

affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); 20 C.F.R. §§404.1512(a). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2

Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II. ANALYSIS

Buckner, who was 49 years old when his DIB claim was denied, tr. 22, 162, initially alleged disability beginning on July 16, 2016, tr. 60, 162-63, although he later amended his alleged onset date to November 8, 2017, tr. 351. He has a bachelor's degree and is six credits short of a master's degree. Tr. 34. He has past work as a personnel recruiter with the military. Tr. 52. After a hearing, tr. 28-59, the ALJ issued an unfavorable decision, tr. 7-22. He found that Buckner's cervical spine degenerative disc disease, lumbar spine degenerative disc disease, lumbar spine degenerative disc disease, right hip degenerative joint disease, right knee degenerative joint disease, obesity, and post-traumatic stress disorder constituted severe impairments. Tr. 13. The ALJ nevertheless found that Buckner retained the RFC to

> . . . perform sedentary work as defined in 20 CFR 404.1567(a) except he would be limited to unskilled work requiring one to five step tasks; and working in the same room with co-workers but not in

tandem. The claimant could be in the same room with the public and have basic, momentary, casual contact with the public; however, the claimant would be unable to work with the public in a capacity requiring him to provide or receive information as part of a job description. The claimant would be limited to work without supervision. Additionally, the claimant would be able to work eight-hours per day and forty hours per week, at two-hour intervals between breaks with eighty-five percent efficiency. The claimant would require [sic] briefly stretch or change position after every thirty minutes without being taken off of a task.

Tr. 16. Plaintiff, he determined, could not perform any past relevant work, but could perform the job of a document preparer, ticket checker, addresser. Tr. 20-21. Buckner disagrees, arguing that the ALJ erred in not finding plaintiff's migraine headaches to be a severe impairment; not accounting for plaintiff's moderate limitations in concentration, persistence, and pace in the residual functional capacity; and in determining that plaintiff was not credible. Doc. 10, doc. 12.

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.920(a), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony). The RFC represents the

most a claimant can do despite his limitations, SSR[2] 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC). And the ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation. *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

---

[2]   Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

First, plaintiff argues that the ALJ erred in not finding plaintiff's migraine headaches severe impairments. Doc. 10 at 5. Plaintiff notes that he has a VA rating for his disability at 50%, which is the highest available rating and requires "frequent and completely prostrating and prolonged attacks productive of severe economic inadaptability." Doc. 10 at 5. As an initial matter, there was no error at step two of the sequential evaluation *even if* plaintiff's migraines were a severe impairment. "[T]here is no need for an ALJ to identify every severe impairment at step two." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014). Indeed, the Eleventh Circuit describes "step two as a 'filter' requiring the denial of any disability claim where no severe impairment or combination of impairments is present." *Id.* at 950 (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir 1987)). Thus, so long as there is a finding of at least one severe impairment requiring the ALJ to proceed to step three, there is no error even if not every potentially severe impairment is listed. Here, the ALJ found multiple severe impairments satisfying the threshold at step two of the sequential process. Moreover, as he was required, the ALJ considered the effects of plaintiff's migraine headaches and their effect throughout

his consideration. Thus, there was no error even if they were severe impairments.

Buckner next argues that the ALJ failed to account for his moderate limitations in concentration and persistence when formulating the RFC. Doc. 10 at 7-8. After the hearing, the ALJ determined that he had a "moderate limitation" with regard to concentrating, persisting, or maintaining pace. Tr. 15. The ALJ noted that while plaintiff complained of concentration difficulty, he "uses a smartphone about two to three hours per day for Instagram and email." *Id*. He also noted that plaintiff "stated he could drive and count change." *Id*. Likewise, the ALJ noted that at the hearing, "plaintiff testified and did not exhibit any difficulty with maintaining concentration, persistence, or pace." *Id*. Finally, the ALJ noted that in medical examinations, Buckner "had generally normal findings, including logical thought process and intact attention and concentration." *Id*. Plaintiff argues that the "sole cue to the [vocational expert] regarding Plaintiff's functional limitations with respect to concentration, persistence or pace was provided in limiting him to "unskilled" work "requiring one to five steps." Doc 10 at 8. Plaintiff argues that this does not take into account all of the mental limitations

including "migraine headaches, and PTSD which cause diminished concentration and substantial unscheduled absences, and does not satisfy the Commissioner's burden." *Id.*

It is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole. *Astrue*, 365 F. App'x at 999 ("the task for determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c)(the ALJ has the responsibility for determining a claimant's RFC). Indeed, the ALJ need not adopt every limitation assessed by a credited medical source, nor must his RFC assessment mirror the opinion of every doctor. *Adams v. Comm'r Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (an ALJ's decision need not address every limitation in a physician's report as long as the written decision is clear that the ALJ considered both the physician's opinion and the plaintiff's condition as a whole); 20 C.F.R. §§ 404.1527(b), (c); 416.927(b),(c). Where there has been a finding that a claimant is limited in maintaining concentration, persistence, or pace, it must be considered in assessing the RFC. *See Winschel v. Comm'r of*

*Soc. Sec.*, 631 F.3d 1176, 1180-81. However, if there is evidence that certain work can be performed despite the limitations, an RFC which limits claimant to that work adequately accounts for any limitations assessed in a psychiatric review. *Id.*; *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899, 903 (11th Cir. 2012); *Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 195 (11th Cir. 2012); *Syed v. Comm'r of Soc. Sec.*, 441 F. App'x 632, 634 (11th Cir. 2011); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 871-72 (11th Cir. 2011).

As an initial matter, the ALJ included a limitation on efficiency when formulating questions to the VE. TR. 15. Thus, his inquiry to the VE encompassed some limitation in function. Likewise, as the Government notes, "it is sufficient for the ALJ . . . 'to indicate that [the] medical evidence suggested [the claimant's] ability to work was unaffected by this limitation [in concentration, persistence, or pace]." Doc. 11 at 11 (quoting *Winschel*, 631 F.3d at 1180-81). The ALJ did just that when he noted the myriad activities which plaintiff was able to engage in *despite* his apparent limitations. *See* Tr. 15 (noting plaintiff could prepare meals, do laundry, drive short distances, follow written instructions well, showed no difficulty responding to demands or

regulating his behavior and emotions, was well groomed, well dressed, calm, had normal motor activity, normal thought content, appropriate behavior, good eye contact, full orientation, and fair insight). Finally, many of the additional limitations which plaintiff argues should be included in the RFC were issues that the ALJ declined to consider because of credibility issues. However, because the ALJ also made no error with regard to plaintiff's credibility as discussed below, the Court sees no reason to address those issues in regard to the formulation of the RFC. Accordingly, the ALJ also did not err when formulating the RFC and formulating questions to the VE.

Finally, Plaintiff alleges that the ALJ erred when he failed to find plaintiff credible without citing to any evidence for such a finding. Doc. 10 at 8-10. Specifically, plaintiff characterizes the ALJ's determination in the following manner:

> In his decision, ALJ Carter stated: "After careful consideration of the evidence, I find the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements regarding the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 16-17) This sort of boilerplate language is commonly found in Social Security

>   decisions.   The ALJ goes on for the next several pages describing certain evidence found in the medical record.

Doc. 10 at 10.   The final line of the preceding quotation is a questionable description at best.   It suggests, without specific reference, that the ALJ merely recited a series of medical facts unrelated to the plaintiff's subjective reports of his symptoms.   Plaintiff then cites to a Middle District of Florida case chastising an ALJ for failing to articulate specific facts undermining the claimant's testimony.   Doc. 10 at 11.   The effect of plaintiff's presentation is to misrepresent the character of the ALJ's determination.

What plaintiff glosses over as the ALJ "go[ing] on for . . . several pages" is, in fact, a catalogue of inconsistencies between plaintiff's subjective reports of his symptoms and the medical findings and even among the subjective reports over time.   The ALJ noted the significant number of medical records indicating mild impairments in plaintiff's hip and knees, as well as limited medical findings with regard to his migraine headaches.   Tr. 17; 1290; 1314-1315; 1334-1336; 1349; 1556-1560.   The ALJ then went on to note both the 2018 non-consultative physical examinations where plaintiff complained of knee pain and headaches, but where he denied hip pain during the first exam, only to   complain of

11

it during the second, but where the physical examinations were generally normal.  Tr. 17; 1381; 1420.  The ALJ also noted that the plaintiff underwent some physical therapy without pain and only slight decreases in strength, and then refused any further treatment.  Tr. 18; 1307-11; 1436.  Additionally, the ALJ noted that the plaintiff had reported that medication was alleviating his symptoms and that he had lost weight with walking.  Tr. 18; 1327; 1535.  Likewise the ALJ noted that plaintiff's counseling sessions did not reflect someone with abnormal or unfocused mental status.  Tr. 19; 1420-68.

In short, the ALJ made a credibility finding which was fully supported by the record.  Moreover, the ALJ made clear in his opinion why he determined that plaintiff lacked credibility by contrasting plaintiff's subjective reports of his symptoms with the medical record. After all, the ALJ is obligated to consider the objective medical evidence as well as the case record when making a credibility determination. What plaintiff is asking the Court to do is make a *de novo* credibility finding.  It is, however, the function of the Commissioner, and not the court, to pass on the credibility of witnesses.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 213 F. App'x 778, 779 (11th Cir. 2006); *Cartwright v.*

*Heckler*, 735 F.2d 1289, 1290 (11th Cir. 1984; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir. 1983). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F. 3d 1022, 1027 (11th Cir. 2004).

The record contains more than "substantial evidence" supporting the ALJ's credibility determination and the bases for the ALJ's determination are clear to the Court. *See Adefemi*, 386 F. 3d at 1027; *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept' of Health and Hum. Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). Because "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court," there was no error and, thus, no basis to overturn the ALJ's credibility determination. *Foote*, 67 F.3d at 1562

## III. CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**. This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this

Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 18th day of December, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA