```
          IN THE UNITED STATES DISTRICT COURT FOR
              THE SOUTHERN DISTRICT OF GEORGIA
                      SAVANNAH DIVISION
```

MARK ANTHONY BUCKNER,            )
                                 )
    Plaintiff,                   )
                                 )
v.                               )     CASE NO. CV419-302
                                 )
COMMISSIONER ANDREW SAUL,        )
Social Security                  )
Administration,                  )
                                 )
    Defendant.                   )
                                 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 13), to which objections have been filed (Doc. 14). In his objections, Plaintiff argues that the Magistrate Judge erred in recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision for two reasons: (1) the ALJ failed to adequately discuss Plaintiff's migraines as an impairment; and (2) the ALJ failed to adequately explain why he discredited evidence of Plaintiff's migraines. (Doc. 14 at 2, 5.) After a careful review of the record, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the report and recommendation as the Court's opinion in this case.

As to Plaintiff's first objection, Plaintiff has not shown that the ALJ failed to adequately discuss the evidence

of Plaintiff's limitations from his migraines. The Magistrate Judge acknowledged that "the ALJ considered the effects of [P]laintiff's migraine headaches . . . throughout his consideration." (Doc. 13 at 6-7.) Although the ALJ did not refer to specific evidence in his finding that Plaintiff's migraines did not rise to "listing-level severity," the record demonstrates that the ALJ accounted for Plaintiff's migraines and the limitations caused by his migraines in determining Plaintiff's residual functional capacity. (Doc. 9, Attach. 2 at 19.) The ALJ was not required to recite every piece of evidence related to Plaintiff's migraines in making his decision. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision . . . ."). Accordingly, Plaintiff cannot show that the ALJ failed to adequately consider evidence concerning the severity of his migraines. See Hurst v. Comm'r of Social Sec., 522 F. App'x 522, 525 (11th Cir. 2013) ("Although the ALJ did not explicitly include these symptoms in its list of impairments, his assignment of weight to, and discussion of, the evidence demonstrates that he accounted for these symptoms in concluding that [plaintiff] had a severe combination of impairments and in determining her residual functional capacity.").

In his second objection, Plaintiff appears to argue that the ALJ failed to adequately explain why he discredited Plaintiff's testimony about the severity of his migraines. (Doc. 14 at 5.) In his decision, the ALJ stated:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Doc. 9, Attach. 2 at 17-18.) As highlighted in the Report and Recommendation, the ALJ's decision goes on to catalogue inconsistencies between Plaintiff's subjective reports of his symptoms and the medical findings. (Doc. 13 at 11; Doc. 9, Attach. 2 at 18-21.) For example, the ALJ noted that Plaintiff reported "in two appointments that the combination of headache medication and injections worked well to alleviate his symptoms." (Doc. 9, Attach. 2 at 19.) This evidence is inconsistent with Plaintiff's statements concerning the intensity of his migraines.

"Credibility determinations are for the Commissioner, not the courts." Taylor v. Comm'r of Soc. Sec. Admin., 213 F. App'x 778, 779 (11th Cir. 2006) (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1242 (11th Cir. 1983)). " 'A clearly articulated credibility finding with substantial supporting

3

evidence in the record will not be disturbed' " by a reviewing court. Wilson v. Comm'r of Soc. Sec., 500 F. App'x 857, 859 (11th Cir. 2012) (quoting Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995)). Here, the record clearly supports the credibility finding by the ALJ. Accordingly, the Court finds no reason to remand the case.

This Court finds that the ALJ clearly articulated his reasons for finding that Plaintiff failed to prove he was disabled within the meaning of the Social Security Act and that these reasons are supported by substantial evidence. As a result, the Commissioner's final decision is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 23rd day of March 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA